# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE



# NOTICE REGARDING SUMMARY JUDGMENT

Defendants in this action have filed a motion for summary judgment. Summary judgment in this case is governed by Rule 56 of the Federal Rules of Civil Procedure as well as LR 56.1. In fairness to the pro se plaintiff in this case, and considering the necessity of plaintiff's compliance with the procedural rules in this matter, despite holding pro se status, the court attaches the following documents to this notice: (1) a copy of Rule 56 of the Federal Rules of Civil Procedure (Appendix A); and (2) a copy of the court's local rule, LR 56.1 (Appendix B). These documents serve to apprise the plaintiff of the nature of summary judgment and the manner in which a plaintiff is required to respond.

## APPENDIX A

### FEDERAL RULE OF CIVIL PROCEDURE 56 – SUMMARY JUDGMENT

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - - or part of each claim or defense - - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> **(1)**  defer considering the motion or deny it;
>
> **(2)**  allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)**  issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.**  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> **(1)**  give any opportunity to properly support or address the fact;
>
> **(2)**  consider the fact undisputed for purposes of the motion;
>
> **(3)**  grant summary judgment if the motion and supporting materials - - including the facts considered undisputed - - show that the movant is entitled to it; or
>
> **(4)**  issue any other appropriate order.

**(f) Judgment Independent of the Motion.**  After giving notice and a reasonable time to respond, the court may:

> **(1)**  grant summary judgment for a nonmovant;
>
> **(2)**  grant the motion on grounds not raised by a party; or
>
> **(3)**  consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Required Relief.**  If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - - including an item of damages or other relief - - that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.**  If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court - - after notice a reasonable time to respond - - may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result.  An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## APPENDIX B

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
LOCAL RULE 56.1 - SUMMARY JUDGMENT</u>

**(a)** **Memorandum in Support.** A memorandum in support of a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried.

**(b)** **Memorandum in Opposition.** A memorandum in opposition to a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require a trial. All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party.